IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| ADRIANN McGEE, Admin. of the Estate of LeDarren D. Mixon c/o Marcus Sidoti, Esq. 50 Public Sq., Ste. 1900 Cleveland, Ohio 44113 | ) ) ) ) | Case No. |
| -vs- | ) ) | JUDGE |
| CITY OF WHITEHALL c/o Michael Bivins, City Attorney 360 S. Yearling Road Whitehall, Ohio 43213 | ) ) ) | **COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, WRONGFUL DEATH, SURVIVORSHIP CLAIM AND WANTON AND RECKLESS CONDUCT** |
| And | ) | |
| RONALD L. CASTRO 365 S. Yearling Road Whitehall, OH 43213 | ) ) | (Jury Demand Endorsed herein) |
| And | ) | |
| GARY A. BAKER, JR. 365 S. Yearling Road Whitehall, OH 43213 | ) ) | |
| And | ) | |
| JOSEPH A. DANZEY 7240 East Main Street Reynoldsburg Ohio, 43068 | ) ) | |
| And | ) | |
| CITY OF REYNOLDSBURG 7232 E. Main Street Reynoldsburg, Ohio 43068 ` | ) ) | |
| And | ) | |
| John Doe 1-3 | ) | |

1

Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 04 11:42 AM-19CV000076
0E470 - Q62
Case: 2:19-cv-00079-ALM-CMV Doc #: 2 Filed: 02/05/19 Page: 2 of 7 PAGEID #: 44

**Preliminary Statement.**

1. This case challenges the gratuitous, excessive, and objectively unreasonable force members of the Whitehall and Reynoldsburg Police Departments used against LeDarren Mixon on or about January 5, 2018. It also challenges supervisors in the Reynoldsberg and Whitehall Police Departments who proximately caused the excessive force when they failed to supervise their subordinate officers. On January 5, 2018, LeDarren Mixon was asleep in his bed when officers executed a "no knock" warrant and gained access to the residence. Ledarren was sleeping in his bed next to his girlfriend who was eight months pregnant at the time. The Defendant officer's entered Mixon's room while he was asleep and unarmed where they proceeded to shoot him approximately 30 times. The Defendant officers intentionally and deliberately violated the law, as well as their operational rules, regulations, policies and procedures, during their execution of the search warrant. All Defendants' acts were clearly established violations of the United States Constitution and Ohio law.

### I. The Parties.

2. Plaintiff Adriann McGee is the duly appointed Administrator for the Estate of LeDarren Mixon. Ms. McGee brings this action as the Administrator of the Estate of LeDarren Mixon in her fiduciary capacity, for the benefit of the next of kin and heirs at law of LeDarren Mixon. Ms. McGee was appointed as the Administrator for the Estate of LeDarren Mixon on March 8, 2018 by the Franklin County Probate Court. Letters of

Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jan 04 11:42 AM-19CV000076
0E470 - Q63
Case: 2:19-cv-00579-ALM-CMV Doc #: 2 Filed: 02/05/19 Page: 3 of 7 PAGEID #: 45

Administration were issued to Ms. McGee in Franklin County Probate Court case nunmber 590181. At all times relevant, and at the time of his death, LeDarren Mixon was a resident of Franklin County, Ohio.

3. Defendant City of Whitehall, Ohio is a municipality organized under the laws of the State of Ohio.

4. Defendant City of Reynoldsburg, Ohio is a municipality organized under the laws of the State of Ohio.

5. Defendants Ronald Castro was at all times relevant to this action, a police officer employed by the City of Whitehall at the Whitehall Police Department. Defendant Castro is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law. Defendant Castro is sued in his individual and official capacity.

6. Defendant Gary Baker was at all times relevant to this action, a police officer employed by the City of Whitehall at the Whitehall Police Department. Defendant Baker is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law. Defendant Castro is sued in his individual and official capacity.

7. Defendant Joseph Danzey was at all times relevant to this action, a police officer employed by the City of Reynoldsburg at the Reynoldsburg Police Department. Defendant Danzey is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law. Defendant Danzey is sued in his individual and official capacity.

8. John Does 1-3 are the supervisor[s] responsible for the "flow team," the officers involved from the City of Whitehall and/or the officers involved from the City of Reynoldsburg not yet known to Plaintiff.

## II. Facts.

9. On January 5, 2018, LeDaren Mixon was sleeping in his bedroom next to his pregnant girlfriend.

10. Defendant officers, in the company of other officers[1], were executing a "no knock" search warrant at 5300 Great Oak Way in the early morning hours of January 5, 2018.

11. The named Defendant officers gained access to the room where Mr. Mixon was sleeping next to his pregnant girlfriend.

12. Without announcing themselves, said Defendant officers approached the side of the bed ultimately making their way to the foot of the bed where they shot Mr. Mixon approximately 30 times while he was unarmed.

13. The named Defendant officers claimed to have a visual on Mr. Mixon while he was unconscious and prior to announcing themselves as they gained access to his bedroom and prior to shooting and killing him.

14. The Defendant officers could see that Mr. Mixon was unarmed and that there was an additional occupant in the bed where he was sleeping.

## III. First Cause of Action—42 U.S.C. §1983. Excessive Force

15. Plaintiff incorporates paragraphs 1 through 14 as if fully rewritten herein.

16. Mixon was unconscious, sleeping in his bed when Defendant Officers executed a "no knock" search warrant and gained access into his upstairs bedroom during the morning hours.

17. Mixon was unarmed as the Defendant's entered his room and fatally wounded him while acting under the color of law. In doing so they fired approximately 30 shots as Mixon

---

[1] Referenced as the "flow team"

4

was lying in his bed. The Defendant Officers' use of deadly force under such circumstances violated clearly established law. Their use of force was excessive and violated the Plaintiff's right to be free from the use of excessive force as guaranteed by the Fourth Amendment.

### IV. Second Cause of Action—42 U.S.C. §1983—Supervisory Liability.

18. Plaintiff incorporates paragraphs 1 through 17 as if fully rewritten herein.

19. The Defendant officers' immediate supervisor(s) on scene failed to take appropriate steps to supervise and control them.

### V. Third Cause of Action—Wrongful Death.

20. Plaintiff incorporates paragraphs 1 through 19 as if fully rewritten herein.

21. Defendants' actions caused the wrongful death of LeDarren Mixon. resulting in damages recoverable under Ohio Revised Code §2125.02.

22. Ledarren Mixon is survived by his mother and two minor children.

23. Plaintiff Adriann McGee is the duly appointed administrator for the Estate of LeDarren Mixon, Jr. and brings this action pursuant to Ohio Revised Code §2125.01 through §2125.03.

24. LeDarren Mixon's children and mother have suffered damages for the loss of his services, in addition to the loss of support for his reasonably expected earnings, and the loss of prospective inheritance to LeDarren Mixon's heirs at law at the time of his death.

25. LeDarren Mixon's children and mother have suffered damages for the loss of his society over his life expectancy, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education.

26. LeDarren Mixon's children and mother have suffered mental anguish caused by his death, as well as mental anguish as a result of the circumstances surrounding his death.

27. At the time of LeDarren Mixon's death, next of kin were fixed to the decedent in the following relationships:

- D.L.M.— son; and
- L.M— son;

28. Reasonable funeral and burial expenses have been incurred.

## VI. Fourth Cause of Action—Survivorship Claim.

29. Plaintiff incorporates paragraphs 1 through 28 as if fully rewritten herein.

30. LeDarren Mixon. experienced pre-death agony and conscious pain and suffering, including extreme fright and multiple gunshot wounds that ultimately caused his death as a direct and proximate result of Defendants' actions.

## VII. Fifth Cause of Action—Willful, Wanton, and Reckless Conduct.

31. Plaintiffs' incorporate paragraphs 1 through 30 as if fully rewritten herein.

32. Defendants failed to exercise due care and acted in a willful, wanton, and reckless manner.

33. Defendants conducted directly caused the wrongful death of LeDarren Mixon.

## IIX. Sixth Cause of Action—42 U.S.C. §1983 *Monell* Claims Against The Cities of Whitehall and Reynoldsburg

34. Plaintiffs incorporate paragraphs 1 through 33 as if fully rewritten herein.

35. It is the custom and practice of the Cities of Whitehall and Reynoldsburg not to properly supervise, train, and discipline its officers.

6

36. In addition to the constitutional violations committed by the aforementioned Defendants, the official policies promulgated by the cities of Reynoldsburg and Whitehall were the moving force behind, or actual cause of, the constitutional injury to the Plaintiff.

37. Additionally, the injuries sustained by the Plaintiff resulted from the 'execution of the cities policy or custom.

**WHEREFORE**, Plaintiff prays that this Court:

A. Award Plaintiffs compensatory damages in an amount to be shown at trial;

B. Award Plaintiffs punitive damages in an amount to be shown at trial;

C. Award Plaintiffs reasonable attorney's fees, interest, costs and disbursements;

D. Grant Plaintiffs such additional relief as the Court deems just and proper.

Respectfully submitted,

/s/Marcus Sidoti
MARCUS SIDOTI (0077476)
Jordan | Sidoti, LLP
The Terminal Tower
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
(o) 216-357-3350
(f) 216-696-1411
marcus@jordansidoti.com
Attorney for Plaintiff
Adriann McGee, Administrator of
The Estate of LeDarren Mixon., *Deceased*

### Jury Demand

Plaintiff hereby demands a trial by jury as to all issues.

/s/Marcus Sidoti
MARCUS SIDOTI (0077476)