IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| ADRIANN MCGEE, Admin. of the Estate of LeDarren D. Mixon, | ) CASE NO. 19 CV 000076 ) <br> ) JUDGE JENNIFER A. FRENCH |
| Plaintiff, | ) <br> ) **ANSWER OF DEFENDANTS CITY OF** |
| vs. | ) **REYNOLDSBURG AND JOSEPH A.** <br> ) **DANZEY** |
| CITY OF WHITEHALL, et al., | ) <br> ) **(Jury Demand Endorsed Hereon)** |
| Defendants | ) |

Now come Defendants City of Reynoldsburg and Joseph A. Danzey, by and through their counsel, and for their answer to the Complaint of Adriann McGee, Administrator of the Estate of LeDarren D. Mixon, state as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

2. Answering Paragraph 2 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, these Defendants admit the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint, these Defendants admit the allegations contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

6. Answering Paragraph 6 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Complaint, these Defendants admit the allegations contained therein.

8. Answering Paragraph 8 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

9. Answering Paragraph 9 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

10. Answering Paragraph 10 of Plaintiff's Complaint, these Defendants admit the allegations contained therein, except Defendants deny for want of knowledge whether it was "in the early morning hours."

11. Answering Paragraph 11 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

14. Answering Paragraph 14 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, these Defendants reallege and reaver their responses to each and every paragraph as if restated herein.

16. Answering Paragraph 16 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, these Defendants reallege and reaver their responses to each and every paragraph as if restated herein.

19. Answering Paragraph 19 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

20. Answering Paragraph 20 of Plaintiff's Complaint, these Defendants reallege and reaver their responses to each and every paragraph as if restated herein.

21. Answering Paragraph 21 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

24. Answering Paragraph 24 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

25. Answering Paragraph 25 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

26. Answering Paragraph 26 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

28. Answering Paragraph 28 of Plaintiff's Complaint, these Defendants deny for want of knowledge all allegations contained therein.

29. Answering Paragraph 29 of Plaintiff's Complaint, these Defendants reallege and reaver their responses to each and every paragraph as if restated herein.

30. Answering Paragraph 30 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

31. Answering Paragraph 31 of Plaintiff's Complaint, these Defendants reallege and reaver their responses to each and every paragraph as if restated herein.

32. Answering Paragraph 32 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

33. Answering Paragraph 33 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, these Defendants reallege and reaver their responses to each and every paragraph as if restated herein.

35. Answering Paragraph 35 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

36. Answering Paragraph 36 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

37. Answering Paragraph 37 of Plaintiff's Complaint, these Defendants deny the allegations contained therein.

38. Further answering, these Defendants expressly deny each and every allegation contained in Plaintiff's Complaint not previously responded to herein.

## AFFIRMATIVE DEFENSES

39. Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

40. Plaintiff's Complaint fails to join all necessary parties for a just adjudication of the matter set forth therein.

41. Defendants assert that at all times they acted in good faith.

42. Defendants are entitled to absolute immunity from the claims in Plaintiff's Complaint.

43. Defendant Joseph Danzey is entitled to qualified immunity from the claims in Plaintiff's Complaint.

44. Plaintiff's claims for punitive damages against the City of Reynoldsburg are barred as a matter of law.

45. Defendants' seizure of decedent involved a lawful and reasonable use of force.

46. Defendants are entitles to immunity pursuant to the Ohio Political Subdivision Tort Liability Act and/or Ohio common law.

47. This case does not support an award of punitive damages against Joseph Danzey.

48. Plaintiffs have failed to plead facts sufficient to pursue municipal liability claims against the City of Reynoldsburg.

49. Defendants were privileged and justified in their use of force.

50. Defendants assert the doctrines of contributory negligence, implied assumption of the risk and/or primary assumption of risk.

51. Defendants reserve the right to amend this answer and assert additional affirmative defenses if such amendment becomes appropriate based upon information learned during discovery.

**WHEREFORE,** having fully answered the allegations in Plaintiff's Complaint, Defendants respectfully respect this Honorable Court dismiss Defendants from this case with

prejudice and grant them their costs and fees and such other relief as this Court deems just and proper.

    Respectfully submitted,

    MAZANEC, RASKIN & RYDER CO., L.P.A.

    */s/Michael S. Loughry*
    MICHAEL S. LOUGHRY (0073656)
    CARA M. WRIGHT (0084583)
    175 South Third Street
    Suite 1000
    Columbus, OH 43215
    (614) 228-5931
    (614) 228-5934 – Fax
    mloughry@mrrlaw.com
    cwright@mrrlaw.com

    *Counsel for Defendants City of Reynoldsburg and Joseph A. Danzey*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

    */s/Michael S. Loughry*
    MICHAEL S. LOUGHRY (0073656)

    *Counsel for Defendants City of Reynoldsburg and Joseph A. Danzey*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served February 5, 2019 via the Court's electronic filing system, to the following:

Marcus S. Sidoti, Esq.
Jordan Sidoti LLP
The Terminal Tower
50 Public Square, Suite 1900
Cleveland, OH 44113
marcus@jordansidoti.com

*Counsel for Adriann McGee, Admin.
of the Estate of LeDarren D. Mixon*

Andrew N. Yosowitz, Esq.
Mark Landes, Esq.
Isaac Wiles
Two Miranova Place, Suite 700
Columbus, OH 43215-5098
ayosowitz@issacwiles.com
mlandes@isaacwiles.com

*Counsel for Defendants City of Whitehall,
Ronald Castro, and Gary Baker*

/s/Michael S. Loughry
MICHAEL S. LOUGHRY (0073656)

*Counsel for Defendants City of
Reynoldsburg and Joseph A. Danzey*

7