# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ADRIANN McGEE, Administrator of the Estate of LeDarren Mixon**, <br><br> Plaintiff, <br><br> -vs- <br><br> **CITY OF WHITEHALL, et al.**, <br><br> Defendants. | CASE NO.   2:19-CV-379 <br><br> **JUDGE ALGENON L. MARBLEY** <br><br> **MAG. JUDGE CHELSEY M. VASCURA** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT *INSTANTER***

Plaintiff Adriann McGee, through counsel, respectfully moves the Court for Leave to file her First Amended Complaint *Instanter*. Plaintiff moves for leave to file her First Amended Complaint to add details concerning the events underlying Plaintiff's claims and eliminate Plaintiff's supervisory liability claim as stated in the operative Complaint. Plaintiff also seeks to add New Party Plaintiff Jasmine Murray, who asserts her own constitutional claims and a claim for intentional and/or negligent infliction of emotional distress. Plaintiff's proposed First Amended Complaint is attached as Exhibit 1.

Plaintiff filed this case on January 4, 2019, and Defendants removed this case on February 5, 2019. (*See* Complaint, Dkt. 2.) At the case management conference, per the Court's April 2, 2019 Order (Dkt. 7), the deadline to join parties or amend pleadings was set for May 31, 2019. On June 1, 2019, Defendants filed their Joint Motion for Partial Judgment on the Pleadings (Dkt. 10), seeking to dismiss some of Plaintiff's claims on grounds including immunity, insufficient

1

pleading, and failure to state a cognizable claim. Plaintiff's opposition to Defendants' Motion will be filed on the same date as the instant Motion for Leave.

At this time, Defendants have not yet answered Plaintiff's written discovery requests.[1] To date, Defendants City of Reynoldsburg and Danzey have not served Initial Disclosures. Depositions have not yet been scheduled. Because this case is still in the early stages of discovery, no party will suffer prejudice if the Court grants Plaintiff leave to file her Amended Complaint.

Further, all of Plaintiff McGee's claims are subject to two-year statutes of limitations. That statute of limitations has not yet passed. A two-year statute of limitations governs all of Plaintiff's constitutional claims brought pursuant to 42 U.S.C. § 1983:

> [W]e hold that the appropriate statute of limitations for 42 U.S.C. §1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. §2305.10, which requires that actions for bodily injury be filed within two years of their accrual.

*Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *accord Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) ("For civil rights claims brought in Ohio, the two year general statute of limitations contained in Ohio Revised Code §2305.10 applies."). Ohio law also establishes a two-year statute of limitations for Plaintiff's negligence claim with allegations of willful, wanton, and/or reckless conduct, wrongful death, and survivorship of all of Plaintiff's claims. *See*, e.g., Ohio Rev. Code §§ 2125.02(D), 2305.10, 2305.21.

Proposed New Party Plaintiff Jasmine Murray asserts a claim for intentional and/or negligent infliction of emotional distress, subject to four- and two-year statutes of limitations, respectively. *See*, e.g., *Lawyers Coop. Publ'g Co. v. Muething*, 65 Ohio St. 3d 273, 280-81, 603

---

[1] On June 12, 2019, Plaintiff agreed via e-mail to a thirty-day extension for all Defendants' responses to written discovery, moving the deadline to July 15, 2019.

N.E.2d 969, 974-75 (1992). Her Fourth Amendment claim, like Plaintiff McGee's claim, is subject to a two-year statute of limitations.

The events giving rise to Plaintiff's complaint occurred on or about January 5, 2018. Therefore, all of Plaintiff McGee's and proposed New Party Plaintiff Jasmine Murray's causes of action have been filed within the applicable statutes of limitations.

Finally, Fed. R. Civ. P. 15 provides for amendment of pleadings. Under Rule 15, Plaintiff may amend her Complaint after responsive pleadings have been filed if the Court grants leave. In the absence of such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment," district courts should grant leave to amend. *Foman v. Davis*, 271 U.S. 178, 182 (1962). Further, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This motion is not submitted in bad faith or with dilatory motive, and Plaintiff has not engaged in undue delay.

Further, the proposed First Amended Complaint would relate back under Fed. R. Civ. P. 15(a)-(c). The proposed First Amended Complaint does not materially alter the facts. Defendants are and have been on notice of Plaintiff McGee's claims against them, and are or should have been aware of proposed New Party Plaintiff Jasmine Murray's claims, as well. They will not be prejudiced in defending on the merits: discovery has just commenced, no depositions have yet been taken, and the parties have yet to exchange the majority of paper discovery.

## CONCLUSION

All the requirements of Fed. R. Civ. P. 15 are satisfied. Plaintiff's Motion for Leave to file her First Amended Complaint *Instanter* should be granted. Doing so will serve the interests of justice by allowing this case to proceed inclusive of all the proper parties and claims.

Respectfully Submitted,

*/s/ Jacqueline Greene*
Sarah Gelsomino (0084340)
Jacqueline Greene (0092733)
Terry H. Gilbert (0021948)
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
T: 216-241-1430
F: 216-621-0427
sgelsomino@f-glaw.com
jgreene@f-glaw.com
tgilbert@f-glaw.com

Marcus Sidoti (0077476)
JORDAN | SIDOTI, LLP
The Terminal Tower
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-357-3305
F: 216-696-1411
marcus@jordansidoti.com

*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jacqueline Greene*
Jacqueline Greene
*One of the Attorneys for Plaintiff*