# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Adrianne McGee, Adm. Est. of LeDarren D. Mixon, Deceased, | : : : | |
| Plaintiff, | : : | Case No. 2:19-cv-379 |
| vs. | : : | Judge Marbley |
| City of Whitehall, et. al., | : : | |
| Defendants. | : | |

### DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. 10)

With nary a citation to any case law, Plaintiff attempts to save her claims with unsupported legal conclusions. As discussed further below, Plaintiff's attempt must fail. After consideration of Defendants' Motion for Partial Judgment on the Pleadings, the only claims that should be left are (1) Plaintiff's federal excessive force and (2) state wrongful death, and survivorship claims against Defendants Casto, Baker Jr., and Danzey. All other claims and parties should be dismissed.

**A.   CLAIMS ABANDONED BY PLAINTIFF**

Plaintiff has stated her intent to abandon any supervisory liability claims. (Resp. in Opp., Doc. 12, PageID # 108; see also Complaint, Doc. 2, PageID # 47, ¶¶ 18-19). In addition, Plaintiff abandons any state-law claims against the City of Whitehall or City of Reynoldsburg. In the Complaint, the state-law claims seemingly include all Defendants. (See e.g. Complaint, Doc. 2, PageID # 47, ¶ 21 ("Defendants' actions")). Plaintiff now clarifies that the only claims against the City of Whitehall and City of Reynoldsburg are federal *Monell* claims. (Resp. in Opp., Doc. 12, PageID # 107). As set forth *infra*, Plaintiff's *Monell* claims are insufficiently pled.

B. **WILLFULNESS, WANTONNESS AND RECKLESSNESS ARE NOT TORT CLAIMS**

Under Ohio law, willfulness, wantonness and recklessness are levels of culpability needed to overcome the statutory immunity of an Ohio public employee. (Ohio Rev. Code § 2744.03(A)(6)(b). These levels of culpability do not exist as substantive torts. In this case, Plaintiff alleges that Officers Casto, Baker and Danzey used excessive force against LeDarren Mixon. (Complaint, Doc. 2, ¶ 1, PageID # 44). In Ohio, the appropriate state *tort* claim for alleged excessive force is either assault or battery. *May v. McGrath*, Case No. 2:11-cv-839, 2013 U.S. Dist. LEXIS 49611, at *26 (S.D. Ohio April 5, 2013) citing *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 609 (6th Cir. 2006) ("If an officer uses more force than is necessary to make an arrest and protect himself from injury, he is liable for assault and battery…"). A state-law assault and battery claim is governed by the same standard as a Fourth Amendment excessive force claim. *Magrum v. Meinke*, 332 F. Supp. 2d 1071, 1083 (N.D. Ohio 2004).

Here, Plaintiff did not allege an assault or battery claim. Instead, Plaintiff tries to allege a general negligence claim. The Sixth Circuit has rejected Plaintiff's approach. *Rucinski v. Cnty. Of Oakland*, 655 Fed. Appx. 338, 344 (6th Cir. 2016) (Rejecting attempt to recast an assault and battery claim as a gross negligence claim); *Coitrone v. Murray*, 642 Fed. Appx. 517, 523 (6th Cir. 2016) ("To permit a separate claim for negligence premised on the same conduct by the officer is logically and doctrinally unsupportable."). Plaintiff should have alleged the appropriate tort (battery) which applies to the conduct she alleges was committed recklessly. Plaintiff failed to do that and, therefore, her "reckless, wanton and willful" "claim" should be dismissed.

### C. PLAINTIFF'S *MONELL* CLAIMS WERE NOT SUFFICIENTLY PLED

With no citation to case law, Plaintiff simply concludes that her "*Monell* claim is stated with significant additional detail and particularity…" (Resp. in Opp., Doc. 12, PageID # 107). Plaintiff then goes on to state the *Monell* allegations (which are also insufficient) contained in her First Amended Complaint. (*Id.*).[1] The only *Monell* allegation in the operative Complaint (Doc. 2) is as follows: "It is the custom and practice of the Cities of Whitehall and Reynoldsburg not to properly supervise, train, and discipline its officers." (Complaint, Doc. 2, ¶ 35, PageID # 48).

Plaintiff's use of phrases such as 'failure to train,' [and] 'failure to supervise'... is meaningless without any factual allegations." *Johnson v. Gannon*, No. 3:09-0551, 2010 U.S. Dist. LEXIS 40154, 2010 WL 1658616, at *4 (M.D. Tenn. Apr. 23, 2010) (citation omitted). To plead a § 1983 claim based on a failure to train sufficient to withstand a Rule 12(b)(6) motion after *Iqbal* and *Twombly*, the plaintiff must plead more facts than those that constitute the alleged underlying constitutional violation. *See Hill v. City of Cincinnati*, No. 1:09-cv-800, 2010 U.S. Dist. LEXIS 83884, 2010 WL 3257725, at *5 (S.D. Ohio Jul. 16, 2010) (dismissing claim against the city where the plaintiff pleaded "only facts [that] . . . relate to her individual circumstances"), *report and recommendation adopted by*, 2010 U.S. Dist. LEXIS 83866, 2010 WL 3257727 (S.D. Ohio Aug. 17, 2010); *Scrap Yard, LLC v. City of Cleveland*, No. 1:10 CV 2465, 2011 U.S. Dist. LEXIS 99926, 2011 WL 3900571, at *4 (N.D. Ohio Sep. 6, 2011) (dismissing claims that were "founded on 'a single set of allegedly wrongful acts'" rather than on "violations [that] occurred pursuant to the City of Cleveland's policy or custom."). The plaintiff should (but did not) plead facts regarding the

---

[1] Defendants' Joint Response in Opposition to Plaintiff's Motion for Leave explains why the allegations contained in the Proposed First Amended Complaint do not meet the *Iqbal/Twombley* standard.

nature of the training and supervision provided to the officers. The plaintiff also should (but did not) plead facts demonstrating deliberate indifference, such as facts that policymakers "were on notice as to constitutional violations by officers" or "that a pattern of similar constitutional violations [has] occurred." *Mason v. City of Warren Police Dep't*, No. 10-cv-14182, 2011 U.S. Dist. LEXIS 121809, 2011 WL 5025841, at *12 (E.D. Mich. Oct. 21, 2011). Plaintiff's *Monell* claim is devoid of any factual support. Consequently, it should be dismissed.

For the foregoing additional reasons, Defendants' Joint Motion for Partial Judgment on the Pleadings should be GRANTED.

        Respectfully submitted,

/s/ Andrew N. Yosowitz
**Mark Landes            (0027227)**
E-mail: mlandes@isaacwiles.com
**Andrew N. Yosowitz     (0075306)**
E-mail: ayosowitz@isaacwiles.com
**Isaac, Wiles, Burkholder and Teetor, LLC**
2 Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax 614-365-9516
*Attorney for Defendants City of Whitehall, Ronald Casto and Gary Baker, Jr.*

Michael T. Bivens       (0076199)
E-mail: Michael.bivens@whitehall-oh.us
**City Attorney for the City of Whitehall**
360 S. Yearling Road
Whitehall, Ohio 43213
Tel: 614-237-9802; Fax: 614-237-9953

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/Michael S. Loughry*
MICHAEL S. LOUGHRY (0073656) Trial Attorney
CARA M. WRIGHT (0084583)
175 South Third Street
Suite 1000
Columbus, OH 43215

(614) 228-5931<br>
(614) 228-5934 – Fax<br>
mloughry@mrrlaw.com<br>
cwright@mrrlaw.com<br>
*Counsel for Defendants City of<br>
Reynoldsburg and Joseph A. Danzey*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew N. Yosowitz<br>
Andrew N. Yosowitz  (0075306)

4837-4077-2509.1