# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Adrianne McGee, Adm. Est. of LeDarren D. Mixon, Deceased, | : : : | |
| Plaintiff, | : : : | Case No. 2:19-cv-379 |
| vs. | : : | Judge Marbley |
| City of Whitehall, et. al., | : : | |
| Defendants. | : | |

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT *INSTANTER*

A court need not grant leave to amend where amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). That is the case here. The claims which Plaintiff seeks to add would not survive a 12(b)(6) motion to dismiss and, therefore, should not be permitted. For example, proposed Plaintiff Jasmine Murray asserts and excessive force claim even though no force was used against her. Plaintiff's *Monell* claim is still devoid of sufficient facts to create a plausible claim. Finally, proposed Plaintiff Jasmine Murray's emotional distress claims fail because she has failed to properly allege severe emotional distress as required under Ohio law. A Memorandum Contra is attached hereto.

/s/ Andrew N. Yosowitz
**Mark Landes** (0027227)
E-mail: mlandes@isaacwiles.com
**Andrew N. Yosowitz** (0075306)
E-mail: ayosowitz@isaacwiles.com
**Isaac, Wiles, Burkholder and Teetor, LLC**
2 Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax 614-365-9516

*Attorney for Defendants City of Whitehall, Ronald Casto and Gary Baker, Jr.*

Michael T. Bivens          (0076199)
E-mail: Michael.bivens@whitehall-oh.us
**City Attorney for the City of Whitehall**
360 S. Yearling Road
Whitehall, Ohio 43213
Tel: 614-237-9802; Fax: 614-237-9953

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/Michael S. Loughry*
MICHAEL S. LOUGHRY (0073656) Trial Attorney
CARA M. WRIGHT (0084583)
175 South Third Street
Suite 1000
Columbus, OH 43215
(614) 228-5931
(614) 228-5934 – Fax
mloughry@mrrlaw.com

## MEMORANDUM CONTRA

**A.     FUTILE AMENDMENTS ARE NOT PERMITTED[1]**

A court need not grant leave to amend, however, where amendment would be "futile." *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). As discussed *infra*, the proposed amended claims in this case are either (1) not cognizable or (2) not sufficiently pled. Consequently, amendment should not be permitted.

---

[1] Even though Plaintiff's Motion for Leave to Amend comes after the amendment deadline set by this Court in its Scheduling Order (Doc. 7), Defendants do not oppose leave to amend on timing grounds. However, should Plaintiff be permitted to amend the Complaint and add a new party with new claims, it is likely that the original case schedule will have to be extended.

B.  **PROPOSED PLAINTIFF JASMINE MURRAY'S CLAIMS ARE FUTILE**

    1. **Proposed Plaintiff Jasmine Murray's Excessive Force Claim is not Cognizable**

A witness to a use of force who suffers no physical injury has no Fourth Amendment claim for excessive force. The Sixth Circuit holds that authorities cannot seize any person other than one who was a deliberate object of their exertion of force. *Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000). The proposed Amended Complaint does not allege that Jasmine Murray was a deliberate object of the exertion of force or that Jasmine Murray suffered any injury due to the use of force directed against LeDarren Mixon. Rather, the proposed Amended Complaint alleges that Jasmine Murray suffered emotional harm because she was present during the use of force. (Doc. 11-1, ¶ 3, PageID # 90). Courts addressing this issue hold that there is no Fourth or Fourteenth Amendment claim under these circumstances. *See e.g. Florian v. Perkinson*, No. 05-CV-2067, 2007 U.S. Dist. LEXIS 33435 at *11-12 (D. Ariz., May 4, 2007 (dismissing § 1983 claim of family members who witnessed use of force);. *Palacios v. City of Oakland*, 970 F. Supp. 732, 745 (N.D. Cal. 1997) (family members who witnessed use of excessive force have no standing to assert Fourth or Fourteenth Amendment claims; witnessing the use of excessive force does not confer standing to sue under § 1983). Further, the Sixth Circuit holds that "The use of deadly force standing alone does not constitute a seizure, and absent an actual physical restraint or physical seizure, the alleged unreasonableness of the officers' conduct cannot serve as a basis for a S.1983 cause of action anchored in the Fourth Amendment." *Adams v. City of Auburn Hills*, 336 F.3d 515, 519-520 (6th Cir.2003).

Even if there could be a Fourth Amendment excessive force claim in which no force was used against the plaintiff, the Defendants would be entitled to qualified immunity from such a claim because there is no clearly established constitutional right at issue. When determining

whether a particular law or right is "clearly established," courts should not define it "at a high level of generality." *White v. Pauly*, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017) (internal quotation marks and citation omitted). "[T]he clearly established law must be 'particularized' to the facts of the case." *Id.* "The dispositive question is whether the violative nature of *particular* conduct is clearly established. . . . Such specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal quotation marks and citations omitted).

In *Plumhoff v. Rickard*, 572 U.S. 765, 134 S. Ct. 2012, 2021 n. 4, 188 L. Ed. 2d 1056 (2014), the Supreme Court recognized a circuit split "as to whether a passenger [in a shooting] . . . can recover under a Fourth Amendment theory," but declined to express a view on the question. In *Plumhoff*, officers shot at the driver of a fleeing vehicle to end a dangerous car chase. The officers killed the driver and the passenger. If it is not clearly established that there is a Fourth Amendment claim for a passenger killed when officers shoot at the driver of a vehicle, there is no clearly established claim for a bedroom occupant who is *not* shot when officers shoot at her boyfriend. The *Plumhoff* Court also cast doubt on whether a substantive due process claim would exist in such a circumstance: "We also note that in *County of Sacramento* v. *Lewis*, 523 U. S. 833, 836, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998), the Court held that a passenger killed as a result of a police chase could recover under a substantive due process theory only if the officer had "a purpose to cause harm unrelated to the legitimate object of arrest." *Plumhoff, supra*. There are no allegations contained in the proposed Amended Complaint (nor could there be without violating Rule 11) that officers had a purpose to cause harm to Jasmine Murray.

For foregoing reasons, the Court should not grant leave for Plaintiff to amend the Complaint to add an excessive force claim for Jasmine Murray.

2. **Proposed Plaintiff Jasmine Murray's Emotional Distress Claims Are Not Sufficiently Pled**

Proposed Plaintiff Jasmine Murray has not alleged the facts necessary to plead a cognizable negligent infliction of emotional distress or intentional infliction of emotional distress claim. For both negligent and intentional infliction of emotional distress, the alleged emotional distress must be serious, such that it constitutes "'emotional injury which is both severe and debilitating[,]'" and goes beyond "'mere upset or hurt feelings.'" *Reeves v. Fox Television Network*, 983 F. Supp. 703, 711 (N.D. Ohio 1997) (quoting *Paugh v. Hanks*, 6 Ohio St. 3d 72, 6 Ohio B. 114, 451 N.E.2d 759, 765 (Ohio 1983)); *see also Meyers v. Hot Bagels Factory, Inc.*, 131 Ohio App. 3d 82, 721 N.E.2d 1068, 1076 (Ohio Ct. App. 1999) (emotional injury element is the same for intentional and negligent infliction of emotional distress) (citing *Uebelacker v. Cincom Sys., Inc.*, 48 Ohio App. 3d 268, 549 N.E.2d 1210, 1220 (Ohio Ct. App. 1988)). Rather, such emotional distress "may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh*, 451 N.E.2d at 765.

Proposed Plaintiff Jasmine Murray's allegations that she has sustained an emotional injury that is both severe and debilitating are thin. Ms. Murray claims that she has experienced "severe emotional distress" (*See* Am. Compl., Doc. 11-1, ¶ 3, PageID 90), "extreme fear and emotional distress" (*Id*. at ¶ 41, PageID # 94) and "serious and severe mental, emotional and psychological injuries" (*Id*. at ¶ 89, PageID # 102). Such conclusory allegations are insufficient to state a claim. *See, e.g., Day v. Nat'l Elec. Contractors Ass'n*, 82 F. Supp. 3d 704, 710 (S.D. Ohio 2014) (allegation that plaintiff "suffered financial losses, resulting in mental anguish" insufficient to survive motion to distress); *Dooley v. Wells Fargo Bank, Nat'l Ass'n*, 941 F. Supp. 2d 862, 869

(N.D. Ohio 2013) (conclusory allegation that plaintiffs "have suffered emotional damages" insufficient to set forth severe emotional distress under Ohio law); *Ault v. Medina Med. Investors, LLC*, No. 1:06-cv-1113, 2007 U.S. Dist. LEXIS 1407, 2007 WL 81853, at *6 (N.D. Ohio Jan. 8, 2007) (allegation that plaintiff "has suffered and continues to suffer severe emotional distress" insufficient to satisfy emotional distress element). The Ohio Supreme Court has defined "serious emotional distress" to "include traumatically induced neurosis, psychosis, chronic depression, or phobia." *Paugh*, 6 Ohio St.3d at 78. There are no facts supporting Ms. Murray's conclusory allegations that she suffered severe emotional distress such as (1) a diagnosis of some mental health ailment or (2) treatment by a mental health professional. Because Ms. Murray's emotional distress claims are not adequately pled, they are futile and should not be permitted.

C.     **PLAINTIFF'S *MONELL* CLAIMS ARE STILL NOT ADEQUATELY PLED**

Recognizing the pleading deficiencies contained in her first complaint vis-à-vis *Monell*, Plaintiff attempts to cure those deficiencies in the Proposed Amended Complaint simply by adding more conclusory policy allegations. Plaintiff is missing the point. Listing more alleged policies and customs does not make a cognizable claim. There must be facts in the complaint which support a claim that the municipality has actually adopted the alleged policies or customs.

Plaintiff's *Monell* allegations fall into two categories: (1) failure to train and (2) failure to investigate. (Am. Complaint, Doc. 11-1, ¶ 59, PageID # 97). The Supreme Court has held that "the inadequacy of police training may serve as the basis for section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact." *Id., citing, City of Canton v. Harris,* 489 U.S. 378, 388, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County*

*Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 397, 137 L. Ed. 2d 626, 117 S. Ct. 1382 (1997). A showing of simple or even heightened negligence will not suffice. *Stemler v. City of Florence,* 126 F.3d 856, 867 (6th Cir. 1997). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train.". *Connick v. Thompson*, 563 U.S. 51, 62, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011). Here, Plaintiff's allegations regarding failure to train ultimately amount to conclusory allegations, without any supporting facts regarding what training Reynoldsburg or Whitehall officers did or did not receive, and what further training was necessary. Further, there are no allegations of any prior constitutional violations.

The court explained in *Weathers v. Anderson*, No. 3:11CV-683-H, 2012 U.S. Dist. LEXIS 63223, 2012 WL 1593136, *3 (W.D.Ky. May 4, 2012) why such bare conclusions are insufficient to survive a motion for judgment on the pleadings:

> Plaintiff merely states in his complaint that "[f]ailure to properly train officials led to these deprivations against the Constitution of the United States." This is insufficient to impose liability on the city. *See Stanley v. Landers*, No. 09-cv-52-PB, 2009 U.S. Dist. LEXIS 104404, 2009 WL 3757389, at *1 (D.N.H. Nov. 9, 2009)(finding conclusory assertion that guard was not adequately trained insufficient to survive a motion to dismiss after *Iqbal*). Plaintiff does not attribute this failure to train to any individual or entity. He fails to provide any facts regarding the alleged training that was omitted or how the lack of training led to his injury. Moreover, Plaintiff has failed to allege any prior allegedly unconstitutional conduct which would have placed the city on notice that its training was inadequate, *Connick*, 131 S.Ct. at 1360 ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights"), or to allege that his injury was a "'patently obvious' consequence of the deficiency in the training program." *Siler v. Webber*, 443 F.App'x 50, 55 (6th Cir. 2011)(quoting *Connick*, 131 S.Ct. at 1361).

Plaintiff also alleges that the City of Whitehall and City of Reynoldsburg fail to investigate excessive force complaints and fail to discipline their officers. (Am. Complaint, Doc. 11-1, PageID # 97). As before, there is no factual support for Plaintiff's allegations. Claims that a municipality failed to investigate excessive force claims (Am. Complaint, ¶ 59, PageID # 97) without additional

factual support do not meet the *Iqbal/Twombley* pleading standard. *Thompson v. Rahr*, 714 Fed. Appx. 805, 807 (9th Cir. 2018) (Claim that county "failed to investigate claims of misconduct involving firearms and…claims of excessive force" amounted to "mere conclusory statements"). Because Plaintiff does not offer any facts supporting his conclusory *Monell* claims of failure to train and failure to investigate, the Court should not grant leave to amend the Complaint.

D.     **WILLFULNESS, WANTONNESS AND RECKLESSNESS ARE NOT TORT CLAIMS**

Under Ohio law, willfulness, wantonness and recklessness are levels of culpability needed to overcome the statutory immunity of an Ohio public employee. (Ohio Rev. Code § 2744.03(A)(6)(b). These levels of culpability do not exist as substantive torts. In this case, Plaintiff alleges that Officers Casto, Baker and Danzey used excessive force against LeDarren Mixon and, now, Jasmine Murray. (Am. Complaint, Doc. 11-1, ¶ 2, PageID # 90). In Ohio, the appropriate state *tort* claim for alleged excessive force is either assault or battery. *May v. McGrath*, Case No. 2:11-cv-839, 2013 U.S. Dist. LEXIS 49611, at *26 (S.D. Ohio April 5, 2013) citing *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 609 (6th Cir. 2006) ("If an officer uses more force than is necessary to make an arrest and protect himself from injury, he is liable for assault and battery…"). A state-law assault and battery claim is governed by the same standard as a Fourth Amendment excessive force claim. *Magrum v. Meinke*, 332 F. Supp. 2d 1071, 1083 (N.D. Ohio 2004).

Here, Plaintiff does not allege an assault or battery claim. Instead, Plaintiff tries to allege a general negligence claim. The Sixth Circuit has rejected Plaintiff's approach. *Rucinski v. Cnty. Of Oakland*, 655 Fed. Appx. 338, 344 (6th Cir. 2016) (Rejecting attempt to recast an assault and battery claim as a gross negligence claim); *Coitrone v. Murray*, 642 Fed. Appx. 517, 523 (6th Cir. 2016) ("To permit a separate claim for negligence premised on the same conduct by the officer is logically and doctrinally unsupportable."). Plaintiff should have alleged the appropriate tort

(battery) which applies to the conduct she alleges was committed recklessly. Plaintiff failed to do that and, therefore, leave should not be granted to allow a non-cognizable "reckless, wanton and willful" "claim."

For the foregoing additional reasons, Defendants' Joint Motion for Partial Judgment on the Pleadings should be GRANTED.

Respectfully submitted,

/s/ Andrew N. Yosowitz
**Mark Landes          (0027227)**
E-mail: mlandes@isaacwiles.com
**Andrew N. Yosowitz   (0075306)**
E-mail: ayosowitz@isaacwiles.com
**Isaac, Wiles, Burkholder and Teetor, LLC**
2 Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax 614-365-9516
*Attorney for Defendants City of Whitehall, Ronald Casto and Gary Baker, Jr.*

Michael T. Bivens       (0076199)
E-mail: Michael.bivens@whitehall-oh.us
**City Attorney for the City of Whitehall**
360 S. Yearling Road
Whitehall, Ohio 43213
Tel: 614-237-9802; Fax: 614-237-9953

MAZANEC, RASKIN & RYDER CO., L.P.A.

*/s/Michael S. Loughry*
MICHAEL S. LOUGHRY (0073656) Trial Attorney
CARA M. WRIGHT (0084583)
175 South Third Street
Suite 1000
Columbus, OH  43215
(614) 228-5931
(614) 228-5934 – Fax
mloughry@mrrlaw.com
cwright@mrrlaw.com
*Counsel for Defendants City of Reynoldsburg and Joseph A. Danzey*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew N. Yosowitz
Andrew N. Yosowitz  (0075306)