**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Adrianne McGee, Adm. Est. of | : | |
| LeDarren D. Mixon, Deceased, et. al. | : | |
| | : | Case No. 2:19-cv-379 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | Judge Marbley |
| | : | |
| City of Whitehall, et. al., | : | Magistrate Judge Vascura |
| | : | |
| Defendants. | : | **JURY DEMAND ENDORSED HEREIN** |

**DEFENDANTS CITY OF WHITEHALL, RONALD L. CASTO, AND
GARY A. BAKER, JR.'S ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT (DOC. 21)**

Now come Defendants City of Whitehall, Ronald L. Casto and Gary A. Baker, Jr., by and through counsel, and for their Answer to Plaintiff's Amended Complaint state as follows:

1.  Answering Paragraph 1 of the Amended Complaint, Defendants admit only that Officers Casto, Baker and Danzey shot and killed LeDarren Mixon on January 5, 2018 and, further, that Officer Casto, Baker, and Danzey's actions were reasonable, justified and in accordance with federal and state law. Defendants deny all remaining allegations contained therein;

2.  Answering Paragraphs 2, 3, 4 and 5 of the Amended Complaint, Defendants deny the allegations contained therein;

3.  Answering Paragraphs 6, 7 and 8 of the Amended Complaint, these Paragraphs contain statements of purpose or intent and/or legal conclusions to which no responsive pleading is necessary or appropriate. To the extent that these Paragraphs are deemed to allege facts, Defendants deny said facts.

4. Answering Paragraphs 9 and 10 of the Amended Complaint, Defendants deny for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

5. Answering Paragraph 11 of the Amended Complaint, Defendants admit only that the City of Whitehall is a political subdivision. Defendants deny the remaining allegations contained therein;

6. Answering Paragraphs 12, 13 and 14 of the Amended Complaint, Defendants admit only that Ronald Casto and Gary Baker are police officers for the City of Whitehall and Joseph Danzey is a police officer for the City of Reynoldsburg. Defendants further admit that the aforementioned officers acted under color of law. Defendants deny the remaining allegations;

7. Answering Paragraph 15 of the Amended Complaint, Defendants deny for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

8. Answering Paragraph 16 of the Amended Complaint, Defendants admit only that the City of Reynoldsburg is a political subdivision. Defendants deny the remaining allegations contained therein;

9. Answering Paragraph 17 of the Amended Complaint, Defendants admit the allegations contained therein;

10. Answering Paragraph 18 of the Amended Complaint, Defendants admit the allegations contained therein;

11. Answering Paragraph 19 of the Amended Complaint, Defendants admit the allegations contained therein;

12. Answering Paragraph 20 of the Amended Complaint, Defendants deny the allegations contained therein;

13. Answering Paragraph 21 of the Amended Complaint, Defendants admit the allegations contained therein;

14. Answering Paragraph 22 of the Amended Complaint, Defendants deny for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

15. Answering Paragraph 23 of the Amended Complaint, Defendants deny as written. Defendants aver the on January 5, 2018, the Joint Eastside Tactical Response Team executed a judicially approved search warrant at 5300 Great Oak Way;

16. Answering Paragraphs 24, 25, 26, 27, and 28 of the Amended Complaint, Defendants deny the allegations contained therein;

17. Answering Paragraph 29 of the Amended Complaint, Defendants deny for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

18. Answering Paragraph 30 of the Amended Complaint, Defendants deny the allegations contained therein;

19. Answering Paragraph 31 of the Amended Complaint, Defendants deny as written. Defendants aver that Ms. Murray moved towards the wall as Mr. Mixon aimed his gun at officers and officers fired in self-defense;

20. Answering Paragraph 32 of the Amended Complaint, Defendants deny the allegations contained therein;

21. Answering Paragraphs 33, 34, 35, 36, and 37 of the Amended Complaint, Defendants deny the allegations contained therein;

22. Answering Paragraph 38 of the Amended Complaint, Defendants admit only that Mr. Mixon suffered fatal gunshot wounds. Defendants deny the remainder for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

23. Answering Paragraph 39 of the Amended Complaint, Defendants deny that Mr. Mixon was "gasping" for breath, but admit that medics rendered aid to Mr. Mixon;

24. Answering Paragraph 40 of the Amended Complaint, Defendants deny as written. Defendants aver that Mr. Mixon died from gunshot wounds;

25. Answering Paragraph 41 of the Amended Complaint, Defendants deny the allegations contained therein;

26. Answering Paragraph 42 of the Amended Complaint, Defendants admit only that Ms. Murray was handcuffed and ultimately transported to the police station. Defendants deny for want of knowledge the remainder;

27. Answering Paragraphs 43, 44, 45, 46, 47, and 48 of the Amended Complaint, Defendants deny the allegations contained therein;

28. Answering Paragraphs 49, 55, 70, 75, 81, 84, and 85 of the Amended Complaint, these Paragraphs contain statements of purpose or intent to which no responsive pleading is necessary or appropriate. To the extent that these Paragraphs are deemed to allege facts, Defendants deny said facts;

29. Answering Paragraphs 51, 52, 53, and 54 of the Amended Complaint, Defendants deny the allegations contained therein;

30. Answering Paragraphs 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68 and 69 of the Amended Complaint, Defendants deny the allegations contained therein;

31. Answering Paragraphs 71, 72, 73, 76, 77, 78, 79, 80, 82, 83, 86, 87, 88, 89, 90 and 91 of the Amended Complaint, Defendants deny the allegations contained therein;

32. Defendants deny all allegations not specifically admitted herein to be true.

**First Defense**

33. Defendants are entitled to immunity, including statutory, absolute and qualified immunity. This includes, but is not limited to the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744;

**Second Defense**

34. Plaintiffs has failed to mitigate their damages in whole or in part;

**Third Defense**

35. Plaintiffs have failed to state a claim upon which relief may be granted;

**Fourth Defense**

36. Plaintiff's decedent's and Plaintiff Murray's own contributory and/or comparative negligence and assumption of the risk caused or contributed to cause the injuries and damages of which they complain;

**Fifth Defense**

37. Plaintiffs' claims may be barred in whole or in part by a lack of capacity and/or standing to seek the relief for which she prays. Defendants note that no letters of authority were attached to the Complaint;

**Sixth Defense**

38. Defendants acted in good faith at all times relevant to the Amended Complaint;

**Seventh Defense**

39. Defendants hereby reserve the right to assert any other matter constituting an avoidance or affirmative defense for which discovery reveals a basis.

Wherefore, Defendants ask the Court to deny all of Plaintiffs' claims and requests for relief, dismiss this action and tax all costs of this case to Plaintiffs.

Respectfully submitted,

/s/ Andrew N. Yosowitz
**Mark Landes           (0027227)**
E-mail: mlandes@isaacwiles.com
**Andrew N. Yosowitz       (0075306)**
E-mail: ayosowitz@isaacwiles.com
**Isaac, Wiles, Burkholder and Teetor, LLC**
2 Miranova Place, Suite 700
Columbus, Ohio 43215
Tel: 614-221-2121; Fax 614-365-9516
*Attorney for Defendants City of Whitehall, Ronald Casto and Gary Baker, Jr.*

Michael T. Bivens
E-mail: Michael.bivens@whitehall-oh.us
**City Attorney for the City of Whitehall**
360 S. Yearling Road
Whitehall, Ohio 43213
Tel: 614-237-9802; Fax: 614-237-9953

## JURY DEMAND

A trial by jury comprised of the maximum number of jurors permitted by law is hereby demanded.


/s/ Andrew N. Yosowitz
Andrew N. Yosowitz  (0075306)

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


/s/ Andrew N. Yosowitz
Andrew N. Yosowitz  (0075306)